SHAW v. INDEPENDENT SCHOOL DIST. OF RIVERSIDE.

(Circuit Court of Appeals, Eighth Circuit. October 26, 1896.)

No. 625.

SCHOOL DISTRICT FUNDING BONDS—EXCESSIVE ISSUE—INNOCENT PURCHASER.

Bonds issued by a school district in Iowa for an amount exceeding the limit of indebtedness prescribed by the constitution are void; and refunding bonds, also in excess of the constitutional limit, issued to take up such void bonds, are void in the hands of all persons, without regard to the recitals they contain.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

This action was brought by John H. Shaw, the plaintiff in error, against the independent school district of Riverside, in Lyon county, Iowa, the defendant in error, in the circuit court of the United States for the Northern district of Iowa, Western division, to recover the contents of certain refunding bonds and interest coupons issued by the defendant in error. A jury was waived in the mode provided by statute, and the court made the following finding of facts:

"(1) The plaintiff, John H. Shaw, was, when this suit was filed, and is now, a citizen of the state of Colorado, and a nonresident of the state of Iowa, and the defendant was, when this suit was filed, a corporation created under the laws of the state of Iowa, being a school district situated in the county of Lyon, Iowa.

"(2) In the year 1883, the plaintiff, John H. Shaw, purchased at one time, of a syndicate represented by John H. Gear, the following named bonds, with interest coupons attached, issued by the defendant, to wit, bond No. 28, dated July 1, 1881, for $500, which reads as follows:

" 'Number 28.                                                                                                    $500.

" 'United States of America. State of Iowa, County of Lyon.

" 'The independent school district of Riverside, in the county of Lyon, in said state, for value received, promise to pay to ———, or bearer, at the office of the treasurer in said district, on the 1st day of July, A. D. 1891, or at any time before that date, after the expiration of five years from date of issue, and after ninety days' notice, at the pleasure of said independent school district, the sum of five hundred dollars, with interest thereon at the rate of seven per cent. per annum, payable semiannually, at the office of the treasurer in said district, on the first day of January and July in each year, on presentation and surrender of the interest coupons hereto attached. This bond is executed and issued by the board of directors of said independent school district in pursuance of and in accordance with chapter 132, Acts of the Eighteenth General Assembly of Iowa, and in conformity with a resolution of said board of directors, passed in accordance with said chapter 132, at a meeting thereof held 21st day of June, 1881.

" 'In witness whereof, the said district, by its board of directors, has caused this bond to be signed by the president and attested by the secretary this 1st day of July, 1881.                                    G. W. Stoop, President of said Board.

" 'G. R. Matthews, Secretary of said District.'

"Also, bonds Nos. 10, 11, 12, 16, 17, 18, and 19, each for the sum of $1,000, and dated March 11, 1882, with interest coupons attached, and coming due March 11, 1892, and reading as follows:

" 'Number 10.                                                                                                  $1,000.

" 'United States of America. State of Iowa, County of Lyon.

" 'The independent school district of Riverside, in the county of Lyon, in said state, for value received, promises to pay to ———, or ———, at the office of the district treasurer, in Riverside, on the eleventh day of March, A. D. 1892, or at any time before that date, after the expiration of five years from date of issue, and after ninety days' notice, at the pleasure of said independent school district, the sum of one thousand dollars, with interest thereon at the rate of seven per cent. per annum, payable semiannually, at the office of district treasurer, in Riverside,

on the eleventh day of September and March in each year, on presentation and surrender of the interest coupon hereto attached. This bond is executed and issued by the board of directors of said independent school district in pursuance of and in accordance with chapter 132, Acts of the Eighteenth General Assembly of Iowa, and in conformity with a resolution of said board of directors, passed in accordance with said chapter 132, at a meeting thereof held the eleventh day of March, 1882.

"'In witness whereof, the said district, by its board of directors, has caused this bond to be signed by the president of said board and attested by the secretary this 11th day of March, 1882.                    G. W. Stoop, President of said Board.

"'G. R. Matthews, Secretary of said District.'

"(3) The bonds purchased by plaintiff formed part of a series, numbered from 1 to 39, inclusive, issued to one C. W. Rollins, in pursuance of a resolution adopted by the board of directors of the defendant district on the 11th day of March, 1882, reading as follows: 'Riverside, March 11, 1882. Board of directors, independent district of Riverside, Lyon county, Iowa, met at the schoolhouse in said district on the 11th day of March, 1882. The following resolution was passed: Whereas, C. W. Rollins came before the board with a proposition to settle with the district some bonds of said district which he held, to the amount of $72,000, at 30 cents on the dollar, and take in exchange new bonds, drawing 7 per cent., this not counting the accrued interest: Now, therefore, it is resolved by the board that they issue bonds to the amount of $36,000, and exchange the same with the aforesaid C. W. Rollins, and also to allow the treasurer 2 per cent. for exchanging, as provided in resolution of June 30, 1880. Therefore the secretary and president are authorized and directed to turn over to the treasurer and take his receipt for the same, said bonds to be numbered as follows: Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, $1,000 each; 25, 26, 27, 28, $500; 29, 30, 31, 32, $1,000 each; 33, 34, $500 each; 35, 36, 37, 38, 39, $1,000 each. There being no further business, adjourned subject to the call of the chairman.' The bonds held by Rollins, and by him exchanged for the 39 bonds provided for in the foregoing resolution, formed part of what are called the 'Martin Bonds,' which issue was without consideration, fraudulent, and void.

"(4) It does not appear, from the evidence, that C. W. Rollins was an innocent holder for value of the bonds by him exchanged for those issued under the resolution of the board of directors of March 11, 1882.

"(5) It does not appear, from the evidence, that the syndicate who sold the bonds sued on to plaintiff were innocent holders for value of the bonds thus sold to plaintiff.

"(6) It does not appear, in the evidence, that the plaintiff, when he purchased the bonds in question, had any actual knowledge of the facts connected with the issuance of said bonds. It affirmatively appears that the plaintiff paid full value for the bonds to the syndicate from which they were purchased, relying upon the recitals in the bonds as evidence of their validity.

"(7) The principal of said bonds is now due, amounting to $7,500 and interest thereon, as evidenced by the coupons sued upon, to the amount of $7,721.65, remains due and unpaid.

"(8) At and prior to July 1, 1881, and at and prior to March 11, 1882, the defendant district had outstanding against it evidences of indebtedness largely in excess of 5 per cent. upon the taxable property within the limits of the district. Judgments are now in existence against the district, remaining unsatisfied, and in favor of the Geneva National Bank, for $550; of Eleanor Nesbit, for $857.40; of H. D. Eastman, for $2,240.14; of William Blodgett, for $800; and of John I. Booge, for $2,094.35,—thus aggregating $6,541.89, exclusive of accruing interest and costs. These judgments are all based upon evidences of indebtedness which had accrued prior to July 1, 1881, and which were in existence and outstanding when the bonds in suit were issued, and when they were purchased by plaintiff. In addition to indebtedness evidenced by the judgments above named, there were outstanding against the defendant, at and prior to July 1, 1881, and at and prior to March 11, 1882, bonds issued in the name of the defendant district largely in excess of the sum of $25,000, the exact amount of which is not clearly proven.

"(9) The assessed value of the taxable property situated within the limits of the defendant district, as shown by the state and county tax list, is as follows for the several years named below: For 1872, $43,995.32; for 1873, $68,307.01; for 1874, $68,890.83; for 1875, $70,435.64; for 1876, $70,706.96; for 1877, $57,247.58; for

1878. $72,175.97; for 1879, $47,220; for 1880, $44,571; for 1881, $44,033; for 1882, $49,170; for 1883, $71,824."

The constitution of Iowa (article 11, § 3) ordains as follows:

"No county, or other political or municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate, exceeding five per centum on the value of the taxable property within such county or corporation—to be ascertained by the last state and county tax lists, previous to the incurring of such indebtedness."

A statute of the state provides:

"Section 1. Any independent school district or district township now or hereafter having a bonded indebtedness outstanding is hereby authorized to issue negotiable bonds at any rate of interest not exceeding seven per cent. per annum, payable semiannually, for the purpose of funding said indebtedness, said bonds to be issued upon a resolution of the board of directors of said district: Provided, that said resolution shall not be valid unless adopted by a two-thirds vote of said directors.

"Sec. 2. The treasurer of such district is hereby authorized to sell the bonds provided for in this act at not less than their par value, and apply the proceeds thereof to the payment of the outstanding bonded indebtedness of the district, or he may exchange such bonds for outstanding bonds, par for par, but the bonds hereby authorized shall be issued for no other purpose than the funding of outstanding bonded indebtedness." Laws 18th Gen. Assem. Iowa, 127.

Upon the foregoing finding of facts the court rendered judgment in favor of the defendant, and the plaintiff sued out this writ of error.

C. H. Gatch (William Connor and J. B. Weaver, Jr., on the brief), for plaintiff in error.

S. M. Marsh (O. J. Taylor, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. This case, upon the facts found, cannot be distinguished from Doon Tp. v. Cummins, 142 U. S. 366, 12 Sup. Ct. 220, and is affirmed on the authority of that case. Affirmed.